**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
                                      )
DARRELL T. OPPERMANN,                 )
                                      )
                 Plaintiff,           )
                                      )  Civil Action No. 06-1824(EGS)
                 v.                   )
                                      )
UNITED STATES,                        )
                                      )
                 Defendant.           )
                                      )
```

**MEMORANDUM OPINION**

Plaintiff, Darrell T. Oppermann, seeks declaratory relief against defendant, the United States, based on the alleged unconstitutionality of his Navy court-martial conviction by a military judge serving without a fixed term of office. Specifically, plaintiff alleges a violation of the equal protection component of the Fifth Amendment because fixed terms of office are prescribed for Army and Coast Guard trial and appellate military judges but not for those of the Navy, Marine Corps, and Air Force. Pending before the Court are defendant's Motion to Dismiss or, in the Alternative for Summary Judgment and plaintiff's Cross-Motion for Summary Judgment. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court **GRANTS** defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and **DENIES** plaintiff's Cross-Motion for Summary Judgment.

## I.    BACKGROUND

Plaintiff, Darrell T. Oppermann, is a former United States Navy officer who served as a nurse anesthetist and held the rank of Lieutenant Commander.[1]  On September 15, 2002, plaintiff, on duty as the sole anesthetist, was intoxicated while treating patients and later drove home while intoxicated in violation of a direct order.  Answer to Supp. to Pet. for Grant of Review, App. B at 2 to Ex. F to Def.'s Mem. in Supp.  As a result of this September 15, 2002 incident, the Navy commenced a general court-martial bench trial against plaintiff.  The presiding judge was a Navy officer serving without a fixed term of office.  On August 20, 2003, plaintiff was convicted of multiple violations of the Uniform Code of Miliary Justice ("UCMJ") including, among others, dereliction of duty, failure to obey a lawful order, operating a vehicle while drunk, and being drunk on duty.

Plaintiff's conviction was subject to automatic review by the United States Navy-Marine Corps Court of Criminal Appeals ("Navy-Marine Court") composed of Navy and Marine Corps officers who, like plaintiff's trial court judge, served without a fixed term of office.  Pl.'s Statement of Material Facts ¶ 3 (citing 10 U.S.C. § 866(a)).  Plaintiff raised two issues on appeal before

---

[1] The facts in this section draw from Defendant's Statement of Material Facts and Plaintiff's Statement of Material Facts. The facts are undisputed, unless otherwise indicated.  *See* Def.'s Statement of Material Facts; Pl.'s Statement of Material Facts; Def.'s Reply at 2;; Pl.'s Statement of Genuine Issues at 1.

the Navy-Marine Court: (1) his sentence was unduly severe[2]; (2) he was denied equal protection as guaranteed by the Fifth Amendment because the military judge who presided over his trial and the judges of the Navy-Marine Court served without the protection of a fixed term of office, while trial and appellate military judges of the Army and Coast Guard have fixed terms.[3] Although the Navy-Marine Court did not hear oral argument, both parties fully briefed the equal protection issue.  *See* Exs. B-D to Def.'s Mem. in Supp. (plaintiff's opening brief, defendant's answer, and plaintiff's reply).  The Navy-Marine Court affirmed plaintiff's conviction on June 29, 2006.  *United States v. Opperman* [sic], NMCCA 200500012 (N-M. Ct. Crim. App. June 29, 2006) ("Navy-Marine Court Decision"), Ex. A to Def.'s Mem. in Supp.  The Navy-Marine Court responded to plaintiff's equal protection argument stating,

> We have carefully examined the record of trial, the appellant's two assignments of error, the Government's response, and the appellant's reply. . . . [With respect to plaintiff's equal protection argument,] [w]e disagree, and decline to grant relief. *See Weiss v. United States*, 510 U.S. 163, 176-81 (1994); *United States v. Loving*, 41 M.J. 213, 295-96 (C.A.A.F. 1994), *aff'd*, 517 U.S. 748 (1996).

*Id.*

---

[2] Plaintiff does not raise the sentence severity issue in this Court.

[3] Plaintiff does not allege any impropriety or prejudice by the military judges involved.  Instead, he presents a challenge to the constitutionality of the inter-service disparity.

On July 5, 2006, plaintiff filed a timely petition for review in the United States Court of Appeals for the Armed Forces ("CAAF") raising only the equal protection argument. Contrary to the trial judge and the Navy-Marine Court judges, CAAF judges serve for a fixed term of fifteen years. Defendant filed an answer to plaintiff's petition for review, but there was again no oral argument. On October 11, 2006, the CAAF summarily denied plaintiff's petition. *United States v. Oppermann*, CAAF Dkt. No. 06-0731, (C.A.A.F. Oct. 11, 2006), Ex. G to Def.'s Mem. in Supp. Pursuant to 10 U.S.C. § 867(a), this denial is not subject to review by the Supreme Court.

Subsequently, on October 24, 2006, plaintiff filed his complaint in this Court alleging a violation of the equal protection component of the Fifth Amendment and requesting that the Court declare his conviction null and void. On February 9, 2007, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment. On March 2, 2007, plaintiff filed an opposition to defendant's motion or, in the alternative, a cross-motion for summary judgment.

4

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether the court has subject matter jurisdiction over the action. *Bernard v. U.S. Dep't of Def.*, 362 F. Supp. 2d 272, 277 (D.D.C. 2005). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the court must accept the complaint's well-pleaded factual allegations as true and construe all reasonable inferences in the plaintiff's favor. *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann*, 154 F. Supp. 2d at 64 (citations omitted). "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.* 974 F.2d 192, 197 (D.C. Cir. 1992). *Herbert* has been interpreted "to allow a court to 'consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case.'" *Sweeney*

*v. Am. Registry of Pathology*, 287 F. Supp. 2d 1, 3 (D.D.C. 2003) (citations omitted).

### B.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007). The Court will accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See id.* at 1965; *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).

### C.    Rule 56

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. Dist. of Columbia*, 298 F. 3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

6

III. **ANALYSIS**

A.    **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over plaintiff's collateral attack on his court-martial conviction.  Pursuant to 28 U.S.C. § 1331, federal district courts have subject matter jurisdiction to review constitutional challenges to military court-martial proceedings.  *United States ex rel. New v. Rumsfeld* ("*New II*"), 448 F.3d 403, 406 (D.C. Cir. 2006); *see also* *Williamson v. Sec'y of the Navy*, 395 F. Supp. 146, 147 (D.D.C. 1975) (finding that district courts have subject matter jurisdiction under § 1331 "to review a military court martial in order to inquire into constitutional errors of the military tribunal and to determine whether military rulings conform to Supreme Court standards" (citing *Kauffman v. Sec'y of the Air Force*, 415 F.2d 991 (D.C. Cir. 1969))).  To the extent that defendant moves this Court to dismiss plaintiff's claim for lack of subject matter jurisdiction, defendant's motion is denied.[4]

Defendant incorrectly asserts that this Court lacks jurisdiction over this case because plaintiff has been given full and fair consideration by the military courts.  Defendant

_____

[4] Defendant also moves this Court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant, however, did not present an argument for Rule 12(b)(6) dismissal.  Accordingly, to the extent that defendant moves this Court to dismiss plaintiff's claim for failure to state a claim, defendant's motion is denied.

contends that "[e]xcept in a limited class of cases, military court decisions have res judicata effect barring review in the Federal civil courts." Def.'s Mem. in Supp. at 6 (citing *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975)). Specifically, defendant argues that a case such as this one can only go forward when the underlying military court judgment is "void . . . because of lack of jurisdiction or some other equally fundamental defect." Def.'s Mem. in Supp. at 6 (quoting *Schlesinger*, 420 U.S. at 746). Defendant, however, confounds lack of subject matter jurisdiction with limited standard of review. Although this Court's standard of review is "more tangled" and subject to additional qualifications, *New II* clearly holds that this Court has jurisdiction to hear a collateral attack on a court-martial proceeding pursuant to 28 U.S.C. § 1331. *New II*, 448 F.3d at 406.

**B.    Limited Standard of Review**

This Court's standard of review over a court-martial judgment is limited. However, the extent of the limitation is somewhat muddled. *See New II*, 448 F.3d at 406 (explaining standard of review of court-martial judgment is "tangled"). The Supreme Court has held that collateral relief from the consequences of a court-martial judgment is barred unless the judgment is "void." *Schlesinger*, 420 U.S. at 748; *Priest v. Sec'y of the Navy*, 570 F.2d 1013, 1016 (D.C. Cir. 1977). Whether

8

a judgement is void "may turn on [1] the nature of the alleged defect, and [2] the gravity of the harm from which relief is sought." *New II*, 448 F.3d at 406 (quoting *Schlesinger*, 420 U.S. at 748). The defect must be "fundamental," as "[a] judgment . . . is not rendered void merely by error." *New II*, 448 F.3d at 406 (quoting *Schlesinger*, 420 U.S. at 747). Furthermore, the determination of whether a judgment is void "must be assessed in light of the deference that should be accorded the judgments of the carefully designed military justice system established by Congress." *New II*, 448 F.3d at 406 (quoting *Schlesinger*, 420 U.S. at 753). The Supreme Court has also emphasized that "the grounds upon which military judgments may be impeached collaterally are not necessarily invariable." *Schlesinger*, 420 U.S. at 753. Accordingly, grounds of collateral attack for habeas corpus petitions "may not be sufficient to warrant other forms of collateral relief." *Id.*

In addition, in *Burns v. Wilson*, 346 U.S. 137 (1953), a Supreme Court plurality explained "when a military decision has dealt fully and fairly with an allegation [in reviewing a habeas corpus petition from a military judgment] . . . it is not the duty of the civil courts simply to . . . re-examine and reweigh each item of evidence." *Id.* at 142, 144. It is, therefore, the limited function of the civil courts to determine "whether the military have given fair consideration to each . . . claim[]."

*Id.* at 144. *Burns* did not describe the factors that satisfied "full and fair consideration" of a military judgment, and "it has meant many things to many courts." *Kauffman*, 350 F. Supp. 2d at 997. The Tenth Circuit has held that the "full and fair consideration" standard was met when an issue was briefed and argued before a military board of review, "even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). However, the D.C. Circuit has adopted a less deferential standard, holding that the "test of fairness requires that military rulings on constitutional issues conform to Supreme Court standards, unless it is shown that conditions peculiar to military life require a different rule." *Kauffman*, 415 F.2d at 997. The D.C. Circuit explained in *Kauffman* that it was error for the district court to conclude that the "full and fair consideration" standard was met solely because the military court gave thorough consideration to appellant's constitutional claims, instead of analyzing whether the military court judgment was correct by prevailing Supreme Court standards. *Id.*

More recently, another judge on this Court reaffirmed the *Kauffman* standard and explained that while it is not this Court's duty to review factual findings or evidentiary rulings, this Court "need not defer to constitutional rulings not conforming to

10

'Supreme Court standards.'"  *United States ex rel. New v. Rumsfeld* ("*New I*"), 350 F. Supp. 2d 80, 89 (D.D.C. 2004), *aff'd*, 448 F.3d 403 (D.C. Cir. 2006).  In *New I*, the Court analyzed a collateral attack on a military judgment dealing with a constitutional issue in a two-step process:  (1) whether there was "full and fair consideration" by the military court; and (2) whether the judgment by the military court was in contravention of Supreme Court standards, "unless conditions peculiar to military life require a different rule."  *Id.* at 92.  As to which factors establish "full and fair consideration," the *New I* decision indicates that briefing by parties does not necessarily establish "full and fair consideration," and that it is important that the relevant issues be "fully litigated at trial and considered carefully by the military courts of appeals."  *Id.*  In affirming *New I*, the D.C. Circuit elaborated on the current state of the law with respect to collateral attacks on military court martials, explaining that the *Schlesinger* fundamental defect requirement should be viewed through the lens of the *Burns* "full and fair consideration" test.  *New II*, 448 F.3d at 408.  The D.C. Circuit held that "a military court's judgment clearly will not suffer such a [fundamental] defect if it satisfies *Burns's* 'fair consideration' test."  *Id.* at 408.

Defendant contends that plaintiff's "constitutional challenge to his court-martial conviction was 'fully and fairly

considered' by the military appellate courts and those decisions
contained no fundamental error."  Def.'s Mem. in Supp. at 10.
Defendant supports its argument by asserting that plaintiff's
equal protection claim was fully briefed by both plaintiff and
defendant to the Navy-Marine Court.  *See* Exs. B-D to Def.'s Mem.
in Supp.  In a per curiam opinion, the Navy-Marine Court affirmed
plaintiff's conviction and declined to grant him relief, holding

> We have carefully examined the record at trial, the
> appellant's two assignments of error [including the equal
> protection claim], the government's response, and the
> appellant's reply.  We conclude that the findings and
> sentence are correct in law and fact and that no error
> materially prejudicial to the substantial rights of the
> appellant was committed.

Navy-Marine Court Decision, Ex. A to Def.'s Mem. in Supp.
Plaintiff, however, counters that the Navy-Marine Court's
decision was decided without oral argument, was  "preposterously
terse," and relied on cases decided before the inter-service
disparity of fixed term judges arose.  Pl.'s Opp'n at 7.
Plaintiff notes that the extent of the Navy-Marine Court's
explanation addressing his equal protection claim was, "[w]e
disagree, and decline to grant relief.  *See Weiss v. United
States*, 510 U.S. 163, 176-81 (1994); *United States v. Loving*, 41
M.J. 213, 295-96 (C.A.A.F. 1994), aff'd, 517 U.S. 748 (1996)."
Navy-Marine Court Decision, Ex. A to Def.'s Mem. in Supp.

    Adopting the collateral attack standard expressed in *New I*
and affirmed in *New II*, this Court looks first to whether the

military courts fully and fairly considered plaintiff's equal
protection claim, and second to whether the military judgment
conforms to Supreme Court standards. *See New I*, 350 F. Supp. 2d
at 92-23; *see also New II*, 448 F.3d at 407-08.

### 1.   "Full and Fair Consideration"

The D.C. Circuit has noted that the *Burns* "full and fair
consideration" standard "has meant many things to many courts."
*Kauffman*, 350 F. Supp. 2d at 997; *see also Watson*, 782 F.2d at
144 (explaining "there has been inconsistency among the circuits
on the proper amount of deference due the military courts").  As
a general rule, however, federal courts find "full and fair
consideration" of an issue established when it is briefed and
argued by the parties, even if the judgment summarily disposes of
the issue.  *See Watson*, 782 F. Supp. at 145; *see also United
States ex rel. Thompson v. Parker*, 399 F.2d 774, 776 (3d Cir.
1968) (holding extensive discussion of issue in briefs sufficient
for "full and fair consideration" even though military appellate
court denied review in a one sentence order).  In *New I*, the
court reviewed multiple issues adjudicated by a military court
and held that one issue satisfied "full and fair consideration"
because it was "fully litigated at trial and considered carefully
by the military courts of appeals," whereas with another issue,
the court held that even though it was briefed by the parties,

"it [was] not clear . . . that these challenges were fully and
fairly considered." *New I*, 350 F. Supp. 2d at 93.

Pursuant to the standard expressed by *New I*, this Court
holds that the military courts gave "full and fair consideration"
to plaintiff's equal protection claim. Plaintiff's equal
protection claim was fully briefed to the Navy-Marine Court.
Exs. B-D to Def.'s Mem. in Supp. In declining to grant plaintiff
relief, the Navy-Marine Court stated:

> We have carefully examined the record of trial, the
> appellant's two assignments of error, the Governments'
> response, and the appellant's reply. We conclude that
> the findings and sentence are correct in law and fact and
> that no error materially prejudicial to the substantial
> rights of the appellant was committed. . . . [With
> respect to the equal protection claim,] [w]e disagree,
> and decline to grant relief. *See Weiss v. United States*,
> 510 U.S. 163, 176-81 (1994); *United States v. Loving*, 41
> M.J. 213, 295-96 (C.A.A.F. 1994), aff'd, 517 U.S. 748
> (1996).

Navy-Marine Court Decision, Ex. A to Def.'s Mem. in Supp.
Plaintiff's equal protection claim was then briefed again to the
CAAF in both plaintiff's petition for review and defendant's
answer. Exs. E, F to Def. Mem. in Supp. Plaintiff argues that
a "full and fair consideration" determination is inappropriate
because the issue was not fully briefed to the CAAF, there was
no oral argument before either the Navy-Marine Court or the
CAAF, and the CAAF denied the petition for review without any
explanation. However, it is undisputed that the equal
protection claim was fully briefed in the Navy-Marine Court, the

Navy-Marine Court specifically addressed the equal protection argument in its judgment, and the issue was partially briefed in the CAAF.  Accordingly, this Court holds that plaintiff's claim was given "full and fair consideration."

### 2.    Conformity With Supreme Court Standards

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws which is essentially a direction that all persons similarly situated be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (internal citations and quotations omitted).  Equal protection, however, does not forbid all dissimilar treatment, but instead "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Brandon v. Dist. of Columbia Bd. of Parole*, 823 F.2d 644, 650 (D.C. Cir. 1987) (holding "not every divergence in the application [of] a law gives rise to an equal protection claim").  Although the Fifth Amendment does not contain an equal protection clause, the Supreme Court has held that the Due Process Clause of the Fifth Amendment contains an equal protection component applying to the federal government. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Brandon v. Dist. of Columbia Bd. of Parole*, 823 F.2d 644, 650 (D.C. Cir. 1987).  The

15

approach to Fifth Amendment equal protection claims is "precisely the same" as the approach to Fourteenth Amendment equal protection claims. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975). There are three main standards of review applicable to equal protection challenges: strict scrutiny, heightened scrutiny, and rational basis review. *See Cleburne*, 473 U.S. at 440-41.

The Court considers plaintiff's equal protection claim under rational basis review. The Due Process clause does not require military judges to have a fixed term of office. *Weiss*, 510 U.S. at 177-78. Both plaintiff and defendant agree that, pursuant to *Weiss*, plaintiff's equal protection argument does not involve a fundamental right. Furthermore, plaintiff and defendant also agree that there is no suspect class at issue. Accordingly, the Court reviews plaintiff's equal protection claim to determine whether there is a rational basis for the inter-service disparity. *See Brandon v. Dist. of Columbia Bd. of Parole*, 823 F.2d 644, 650 (D.C. Cir. 1987) ("[W]here . . . no suspect class or fundamental right is implicated, the government may avoid violating equal protection principles if it can demonstrate that its reasons for treating an individual differently bear some rational relationship to a legitimate state purpose.").

Rational basis review of an equal protection claim "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Heller v. Doe*, 509 U.S. 312, 319 (1993) (citations and quotations omitted). Accordingly, under rational basis review, "a statutory classification . . . must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 312 (1993). A classification subject to rational basis review is, therefore, "accorded a strong presumption of validity." *Heller*, 509 U.S. at 319 (1993). This strong presumption of validity is not limited to congressional or state legislative action, but rather "extends to administrative regulatory action as well, such as . . . military regulations," *Steffan v. Perry*, 41 F.3d 677, 685 (D.C. Cir. 1994), and the "burden is on the one attacking the [governmental] arrangement to negative every conceivable basis which might support it." *Id.* (quoting *Heller*, 509 U.S. at 320). In addition, when considering the rationality of a military regulation, "even more special deference [is owed] to the 'considered professional judgment' of 'appropriate military officials.'" *Steffan*, 41 F.3d at 685 (citing *Goldman v. Weinberger*, 475 U.S. 503, 509 (1986)). This "even more special deference" is especially evident in light of the "general

17

principle that courts will afford military personnel decisions considerable deference." *Aguayo v. Harvey*, 476 F.3d 971, 978-79 (D.C. Cir. 2007).

Defendant asserts several possible reasons for the Navy's decision against a fixed term regulation:

> [T]he Navy may have determined that limiting the mobility of military judges, who tend to possess the greatest expertise in the area of military justice, would not best serve the fluctuating and evolving needs of the Navy. Similarly, Navy leaders may have decided that having the ability to place a particular judge advocate on the bench at a specific time will ensure that the necessary training and career development of judge advocates generally could not be accomplished. Having fixed terms for military judges may impede these other staffing and military personnel decisions.

*Id.* Plaintiff, however, counters that none of these reasons distinguish the Navy from the Army or the Coast Guard. In effect, "[e]very single assertion built into them could just as well be said of any branch of the service." Pl.'s Opp'n at 16.

Plaintiff's contention that all of defendant's reasons for the inter-service disparity could just as easily apply to another branch of the military is not fatal to defendant's argument on rational basis review. As defendant points out, "the Navy is a separate military branch, indeed a separate government agency, with a separate mission from the Army, the Coast Guard, or the Air Force." Def.'s Reply at 12 (citing www.dod.gov and www.navy.mil). Defendant further contends that each service has separate and discrete Judge Advocate Generals and differing

18

numbers of attorneys and judges.  Accordingly, the Navy, being a separate military branch may well have decided against limiting the mobility of its judges because "[h]aving fixed terms . . . may impede . . . staffing and military personnel decisions." *Id.* This Court finds that defendant's rationales for the inter-service disparity are sufficient to survive under rational basis review.

Furthermore, plaintiff's argument that defendant does not correctly put forth any rational basis for the inter-service disparity fails under the considerable deference given to military personnel assignments.  Courts "will afford military personnel decisions considerable deference." *Aguayo*, 476 F.3d at 978-79.  Congress has specifically authorized distinctions between the military services with respect to military judges and rules of procedure.  10 U.S.C. §§ 826, 866.  In addition, the UCMJ "specifically sanction[s] distinctions among the services in authorizing each service Secretary to prescribe regulations for the manner in which military judges are detailed.  10 U.S.C. § 826."  Def.'s Mem. in Supp. at 14.  The Navy's decision declining to implement fixed term regulations involves the Navy's considered professional approach to military judicial assignments.  The Court, therefore, views the Navy decision with "considerable deference," see Aguayo, 476 F.3d at 978-79, and

plaintiff's argument fails to overcome this deferential standard of review.

Finally, plaintiff never alleges that the military trial judge or appellate judges acted improperly, but rather presents a facial equal protection challenge to the inter-service disparity of fixed term judges. There is no Supreme Court, court of appeals, or district court decision on point,[5] and Congress has not addressed this issue.[6] However, the Supreme Court reasoned in *Weiss* that "the applicable provisions of the UCMJ, and corresponding regulations, by insulating military judges from the

_____

[5] Though the Supreme Court has not addressed the inter-service disparity of fixed term judges, and there is no court of appeals or district court opinion on point, there are military decisions directly on point holding that the inter-service disparity with respect to fixed term judges does not violate equal protection. *See United States v. Gaines*, 61 M.J. 689, 692 (N-M. Ct. Crim. App. 2005) (holding in light of *Weiss* and congressional sanction of distinctions between the services, plaintiff's equal protection claim had no merit); *see also United States v. Belkowitz*, ACM 36358, 2006 WL 3895086, at *1 (A. F. Ct. Crim. App., Dec. 20, 2006) (holding *Gaines* decision well-reasoned and holding should apply).

[6] Congress has not addressed the inter-service disparity, but did create a Department of Defense commission to study judicial independence without fixed term military judges. *Weiss v. United States*, 510 U.S. 163, 179 n.6 (citing Military Justice Act of 1983, Pub. L. 98-209, § 9(b), 97 Stat. 1393, 1404-1405 (1983)). Upon completion of its study, the commission recommended that military judges should not have fixed terms explaining, "[m]ilitary judges enjoy judicial independence within the present system. Creating tenure for judges for the sake of appearance would misleadingly suggest that the system does not currently operate with an independent judiciary. Further, the need to maintain assignment flexibility outweighs any possible benefit regarding appearance." The Military Justice Act of 1983 Advisory Commission Report, Vol. 1 at 8-9 (1984).

effects of command influence, sufficiently preserve judicial impartiality so as to satisfy the Due Process Clause." *Weiss*, 510 U.S. at 179.  Though plaintiff correctly points out that *Weiss* did not address the inter-service disparity at issue in this case and instead dealt with a due process challenge to at-will judges, the principle behind the *Weiss* decision still applies.  In effect, the Supreme Court indicated in *Weiss* that judicial impartiality is preserved without fixed term judges, and therefore, it follows that the current inter-service disparity is irrelevant.

**IV.  CONCLUSION**

Because the Court has concluded that plaintiff's claim was given "full and fair consideration," and because the military judgment conforms to Supreme Court equal protection standards, the Court finds that the military courts' rejection of plaintiff's equal protection claim was appropriate.  Accordingly, the Court **GRANTS** defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and **DENIES** plaintiff's Cross-Motion for Summary Judgment.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**June 15, 2007**

21